[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDING OF FACTS
This case came before me as Factfinder on July 28, 1993. Plaintiff was represented by counsel. Defendant, who had filed a pro se appearance, and for whom counsel had also appeared, was not present and was not represented at the hearing. I nevertheless proceeded with the hearing. I deferred action after the hearing in order to allow plaintiff to submit a revised affidavit of debt and Massachusetts statutory authority. After reviewing the evidence I find that the following facts. CT Page 9301
1. On January 11, 1990 plaintiff recovered from the defendant in the District Court of Massachusetts a judgment against the defendant in the amount $3372.47 plus $63.25 costs for a total of $3435.72.
2. $950.00 has been paid on said judgment, leaving a balance of $2485.72
DISCUSSION
Plaintiff's affidavit states that only $400.00 has been paid on the Massachusetts judgment but exhibit A thereto reflects the payment of $950.00.
Plaintiff seeks interest up to the date of the Connecticut judgment which the object of this motion, at the rate of twelve per cent per annum. For this it relies on Mass. Laws Ann. Ch. 231, Sec 6. But that statute, as supplied by the plaintiff, deals with pre-Massachusetts-judgment interest, not with post-Massachusetts-judgment statutory interest. Whatever effect that statute had, should come to an, end with the Massachusetts judgment. It should not govern interest to be awarded in the instant action. I therefore recommend that statutory interest in accordance with Section of the Connecticut General Statutes be added from January 11, 1990 in this action.
Plaintiff would subtract the payments made from the amount due only after the prejudgment interest on the original debt had been added. There were some 20 payments made over some 15 months and it does not seem fair to disregard these payments in determining prejudgment interest. Plaintiff has not computed the interest on the reduced principal after each payment. Therefore I recommend that prejudment [prejudgment] interest be allowed only on the sum due after taking account of the $950.00 in payments.
I therefore recommend that judgment enter for the plaintiff in the amount of $2485.72, plus interest on that amount in accordance with Section 37-3a of the Connecticut Statutes, from January 11, 1990.
Respectfully Submitted: CT Page 9302
Robert E. Walsh Factfinder